# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Criminal Case No. 13-cr-00120-REB-04 (MEH)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

4. TIMOTHY LAMONT BEAN,

    Defendant.

## ORDER GRANTING MOTION TO GRANT PRETRIAL RELEASE

**Blackburn, J.**

On August 5, 2013, this matter was before me for hearing on **Defendant Timothy Bean's Motions To Review the Issue of Detention and To Grant Pretrial Release** [#97][1] filed July 29, 2013.  The government filed a response [#101].  At the August 5th hearing, I heard evidence and argument on the motion.  I grant the motion on the terms stated in this order.

In fashioning my ruling subsequent to *de novo* review, I have 1) judicially noticed all relevant adjudicative facts in the file and record of this action *pro tanto*, including, but not limited to, the relevant proceedings conducted before Magistrate Judge Hegarty on April 9, 2013; 2) considered the reasons stated, arguments advanced, and authorities cited by the parties in their papers, proffers, and oral argument; and 3) considered the

---

[1]  "[#97]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

written and oral recommendations of pretrial services. Accordingly, I enter the following findings of fact (which are supported by a preponderance of the evidence, unless indicated otherwise), conclusions of law, and orders.

**FINDINGS OF FACT:**

The defendant's history, residence, family background, family ties, employment history, financial resources, criminal record, and health are as stated in the pretrial services report [#22].  In summary, this information establishes that the defendant is a long-time resident of Colorado Springs, Colorado, who was, prior to his arrest in this case, employed as an auto mechanic.  He had been employed by the same employer for over one year prior to his arrest.  He has a significant record of felony criminal convictions. He has support from several family members, who live in and near Colorado Springs, some of whom appeared at the initial detention hearing and at the August 5th hearing.

The indictment [#1] charges the defendant, Timothy Bean, with the following offenses:

> COUNT ONE: Conspiracy to possess with intent to distribute and distribution of 280 grams or more of cocaine containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846;
>
> COUNT TEN: Possession with intent to distribute and distribution of 28 grams or more of cocaine containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), or aiding and abetting the same in violation of 18 U.S.C. § 2; and
>
> COUNT ELEVEN: Possession with intent to distribute a quantity of cocaine containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

**CONCLUSIONS OF LAW:**

To the extent necessary, I reiterate and incorporate my foregoing findings of fact.

My review of the Magistrate Judge's order [#21] of April 9, 2013, is *de novo. See*

***United States v. Leon***, 766 F.2d 77, 80 (2d Cir.1985). Under this standard of review, I must judge the issues anew, but in doing so, I may utilize the factual and evidentiary record developed during the detention hearing before the magistrate judge. However, as is required under *de novo* review, I must reach and have reached my own independent findings of fact and conclusions of law. *See* **Leon**, 766 F.2d at 80 (finding that on de novo review, a district court "should not simply defer to the judgment of the magistrate, but reach its own independent conclusion").

Essentially, I have conducted a detention hearing as required by 18 U.S.C. § 3142(f) and 18 U.S.C. § 3145(b). The indictment *per se* establishes probable cause to believe that the defendant committed the three offenses with which he is charged. I have afforded the defendant the presumption of innocence without modification or limitation. *See* 18 U.S.C. § 3142(j).

The rebuttable presumption of detention found in 18 U.S.C. § 3142(e)(3)(A) is applicable to each of the three offenses with which Mr. Bean is charged. In these circumstances, § 3142(e)(3)(A) imposes a rebuttable presumption that ". . . no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community . . . ." *See* 18 U.S.C. § 3142(e)(3)(A). I have afforded the defendant the rights to which he is entitled under 18 U.S.C. § 3142(f).

This statutory presumption in favor of detention imposes on the defendant a burden of production. "[A] defendant must introduce some evidence contrary to the presumed fact in order to rebut the presumption." **United States v. Rodriguez**, 950 F.2d 85, 88 (2d Cir. 1991) (citations omitted). Here, Mr. Bean has satisfied his burden of production. However, the presumption does not evanesce: "Once a defendant introduces rebuttal evidence, the presumption, rather than disappearing altogether,

continues to be weighed along with other factors to be considered when deciding whether to release a defendant." ***Rodriguez***, 950 F.2d at 88.

In order to sustain detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. On these issues the government has the burden of proof: risk of flight must be established by a preponderance of the evidence, and danger to the community by clear and convincing evidence. *See* ***United States v. Cisneros***, 328 F.3d 610, 616 (10th Cir. 2003). I have conducted a detention hearing as required by 18 U.S.C. § 3142(e) and applied the apposite burdens of proof.

The Bail Reform Act of 1984 at 18 U.S.C. § 3142(g), directs me to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant when required and the safety of any other person and the community:

    (1)    the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2)    the weight of the evidence against the person;

    (3)    the history and characteristics of the person, including -

        (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        (B)    whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

  (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

These factors are not necessarily equiponderant, and none is statutorily preponderant or dispositive. I have considered carefully these factors as required under 18 U.S.C. § 3142(g).

  Based on my foregoing findings of fact, I conclude that the evidence establishes by a preponderance that the defendant does not present a risk of flight to eschew prosecution and punishment, and there are conditions of release which will reasonably assure the appearance of the defendant as required. On balance they weigh in favor of release under the conditions stated in this order.

  Additionally, I conclude that there is not clear and convincing evidence which establishes that the defendant presents an unreasonable risk to the safety of the community, and there are conditions of release which will reasonably mitigate any such risk.

  Thus, on this record I conclude "that there exists a condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of the community." 18 U.S.C. § 3142(e). Therefore, continued detention of Mr. Bean is unwarranted.

  **THEREFORE, IT IS ORDERED** as follows:

  1. That **Defendant Timothy Bean's Motions To Review the Issue of Detention and To Grant Pretrial Release** [#97] filed July 29, 2013, **IS GRANTED**;

  2. That the defendant **IS ADMITTED** to **bail** on an unsecured bond in the amount of ten thousand dollars ($10,000.00) and subject to the following conditions:

   •  all mandatory conditions of bond prescribed by law;

-6-

- all standard conditions of bond in effect in the District of Colorado; and

- the explicit or special conditions set forth in the **Appearance Bond** and **Order Setting Conditions of Release** to be entered by the court concurrent with this order, which bond and order are incorporated into this order by reference;

3. That the defendant shall be released from detention and placed in a community correctional facility as directed by United States Probation Office, and the defendant shall comply with all rules, regulations, policies, directives, and contractual provisions imposed by the facility;

4. That the extant orders of the court, including the detention order entered by the magistrate judge [#21], are modified to the extent necessary to facilitate and implement these orders, but are otherwise ratified and reaffirmed.

Dated August 8, 2013, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge